**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-01739 DOC (DNBx)                                   Date: December 10, 2010
Title: DWIGHT R. MCELLIOT v. BANK OF AMERICA HOME LOANS, ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kathy Peterson                                              Not Present   
Courtroom Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                      NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

      Before the Court is Plaintiff Dwight McElliot ("Plaintiff")'s Ex Parte Application for Temporary Restraining Order (the "Application") and Order to Show Cause Re Preliminary Injunction, as well as Defendant Chase Home Finance, LLC ("Chase") and Mortgage Electronic Registration Systems, Inc. "(MERS," and collectively, "Defendants")' Opposition to the Order to Show Cause ("OSC"). After considering the moving and opposing papers, the Application is DENIED.

      Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. Plaintiffs have the heavy burden of showing that they are entitled to preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).

Plaintiff requests that the Court issue a temporary restraining order ("TRO") enjoining the sale of his residence presently scheduled for December 13, 2010.  Plaintiff, however, does not undergo the appropriate analysis for issuance of a TRO.  Though the Court could possibly infer a finding of irreparable harm in these circumstances, Plaintiff's Application failed to put forth a clear, valid argument demonstrating a likelihood of success on the merits.  Defendants, by contrast, bring forth several detailed arguments against the Application and have made a strong showing that Plaintiff has not even adequately stated a valid cause of action.  Given the live question of whether Plaintiff's Complaint would survive a motion to dismiss, the Court cannot assume a likelihood of success on the merits to warrant granting the drastic remedy of a TRO.

The Court recognizes the devastation inherent in losing one's home.  However, with virtually nonexistent factual support and faulty legal arguments, the Court cannot enter the extraordinary remedy of a temporary restraining order.  Therefore, Plaintiff's Application is DENIED.

The Clerk shall serve this minute order on all parties to the action.